# Exhibit 1

3/22/2021 10:29 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51676410
By: Rhonda Momon
Filed: 3/22/2021 10:29 AM

*2021-16422 / Court: 157*

**CAUSE NO. ______________**

| | | |
|---|---|---|
| **JACENNY FERNANDA PAZ and JAVAN ELIJAH ALVAREZ** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **LANDSTAR INWAY, INC. and MARIA MORALES** | § | |
| | § | |
| | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

Unofficial Copy Office of Marilyn Burgess District Clerk

**PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, JACENNY FERNANDA PAZ AND JAVAN ELIJAH ALVAREZ who file this their Original Petition complaining of and against Defendants LANDSTAR INWAY, INC. and MARIA MORALES (hereinafter collectively referred to as "Defendants"), and for causes of action would respectfully show the Court the following:

## I. DISCOVERY STATEMENT

**.01** Plaintiffs intend to conduct discovery by agreement between the parties, or under a Docket Control Order to be issued by this Court, all pursuant to Rule 190.4 of the Texas Rules of Civil Procedure (Level 3). Until such time as an agreement is made or an order is entered by the Court, Plaintiffs will conduct discovery under Level 3 pursuant to Texas Rules of Civil Procedure 190.4.

## II. PARTIES

**.01** Jacenny Fernanda Paz ("Plaintiff Paz"), Texas DL Number: xxxxx768; Social Security Number xxx-xx-x298 is a resident of Houston, Harris County, Texas.

**.02** Javan Elijah Alvarez ("Plaintiff Alvarez"), Texas DL Number: xxxxx801; Social Security Number xxx-xx-x182 is a resident of Houston, Harris County, Texas.

**.03** Landstar Inway, Inc. ("Defendant Landstar"), is a for-profit corporation authorized to conduct business and conducting business in the State of Texas. Defendant Landstar may be served with process by and through its registered agent for service, CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

**.04** Maria Morales ("Defendant Morales") was at all times material to this claim a resident of Doña Ana County, New Mexico and may be served with process by certified mail, return receipt requested at 732 Church St., Anthony, New Mexico 88021 or at any other address where she may be located.

Unofficial Copy Office of Marilyn Burgess District Clerk

## III.
## JURISDICTION & VENUE

**.01** Plaintiffs bring this suit to recover damages which he sustained as the result of Defendants' tortuous conduct arising out of an accident that occurred in Harris County, Texas. The Court has personal jurisdiction over Defendants because said Defendants are individuals, professional associations or corporations doing business in the State of Texas which have committed torts in Harris County, Texas. The Court has subject matter jurisdiction over all claims asserted in this action because they are common law and/or statutory causes of action existing under Texas law by which Plaintiffs seek damages that are within the jurisdictional limits of this Court. Venue in Harris County, Texas is proper pursuant to Texas Civil Practices and Remedies Code sec. 15.002 (a)(1) and (2) because this cause of action accrued in Harris County, Texas.

**.02** The amount in controversy, exclusive of interest and costs, is within the jurisdictional thresholds of this Court.

**.03** Pursuant to Rule 47(C) of the Tex. R. Civ. P., Plaintiffs seek monetary relief over $250,000.00 but not more than $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## IV.
## RESPONDEAT SUPERIOR

**.01** Whenever in this petition it is alleged that Defendant did any act or thing it is meant that Defendant or Defendant's agents, officers, servants, employees and/or representatives did such act or thing or failed to do such act or thing and, that at the time such act or thing was done or failed to be done, said act or failure to act was done with full authorization and ratification of Defendant, or was done or failed to be done in the normal routine course and scope of employment of Defendant's officers, employees, agents, servants, apparent agents, ostensible agents and/or representatives. Claims of respondeat superior include all vicarious liability claims including employer/employee, ostensible agency and agency by estoppel.

## V.
## STATEMENT OF FACTS APPLICABLE TO ALL COUNTS

**.01** This lawsuit results from a tractor-trailer, motor vehicle collision which occurred on March 24, 2020. Plaintiff Javan Elijah Alvarez was the driver and Plaintiff Jacenny Fernanda Paz was the front seat passenger. Plaintiff Alvarez was traveling eastbound in the 14000 block of the Interstate 10 Katy Freeway in lane number three, excluding toll lanes. At that same moment, Defendant Maria Morales, in the scope of her employment with Landstar Inway, Inc., was also traveling eastbound in the 14000 block of Katy Freeway behind Plaintiffs' vehicle, when suddenly and without any warning, she rear-ended Plaintiffs' vehicle causing a severe collision. As a result, Plaintiffs suffered serious, permanent, and disabling injuries.

**.02** Defendant Morales disregarded the law mandating that she control the speed of

Unofficial Copy Office of Marilyn Burgess District Clerk

her vehicle, drive her vehicle at a safe rate of speed, keep a proper lookout, and take proper evasive action to avoid a collision. Defendant Morales drove her vehicle in a negligent manner. Such negligence was a proximate cause of the collision and the severe, permanent, and disabling injuries suffered by Plaintiffs.

**.03** Defendant Morales was employed by Defendant Landstar Inway, Inc. at the time of this event.

**VI.**
**NEGLIGENCE CAUSES OF ACTION AGAINST DEFENDANT MARIA MORALES**

**.01** Defendant Morales was negligent in connection with the use, operation, and control of the vehicle in question by failing to exercise the ordinary care that a reasonably prudent person would have exercised under the same or similar circumstances. In particular, Defendant Morales violated the duty owed to Plaintiffs which is to exercise ordinary care in the operation of her motor vehicle. Defendant Morales drove her vehicle in a negligent manner. Such negligence was a proximate cause of the collision and the severe and permanent injuries suffered by Plaintiffs.

**.02** At a minimum, Defendant Morales violated numerous Texas statutes thereby predicating a claim for negligence per se. She violated the following provisions of the Texas Transportation Code:

a. In that Defendant Morales failed to control the speed of her motor vehicle, thereby violating TEX. TRANS. CODE ANN. § 545.351(b)(2) (Vernon Pamphlet 2003);

b. In that Defendant Morales failed to take evasive action to avoid the collision at issue, thereby violating TEX. TRANS. CODE ANN. § 545.401(a)(Vernon Pamphlet 2003);

c. In that Defendant Morales failed to keep a proper lookout for Plaintiffs' vehicle that would have been maintained by a person of ordinary prudence under the same

Unofficial Copy Office of Marilyn Burgess District Clerk

or similar circumstances, thereby violating TEX. TRANS. CODE ANN. § 545.401(a)(Vernon Pamphlet 2003);

d. In that Defendant Morales was operating her motor vehicle at a rate of speed which was greater than that which would have been operated by a person of ordinary prudence under the same or similar circumstances, thereby violating TEX. TRANS. CODE ANN. § 545.351(1) (Vernon Pamphlet 2003);

e. In that Defendant Morales failed to apply the brakes to her motor vehicle in a timely and prudent manner in order to avoid the collision in question, thereby violating TEX. TRANS. CODE ANN. § 545.351(b)(1) (Vernon Pamphlet 2003); and

f. In that Defendant Morales failed to use a horn to provide audible warning to insure safe operation of her vehicle, thereby violating TEX. TRANS. CODE ANN. § 547.501(c)(Vernon Pamphlet 2003).

**.03** Each of the above acts and/or omissions, singularly or in combination with others, was a proximate cause of the motor vehicle collision made the basis of this action and the injuries and damages suffered by Plaintiffs.

Unofficial Copy Office of Marilyn Burgess District Clerk

## VII.
## NEGLIGENCE CAUSES OF ACTION AGAINST DEFENDANT LANDSTAR INWAY, INC.

**.01** Plaintiffs hereby adopt, restate and re-allege each and every paragraph of this Petition as if fully and completely set forth herein.

**.02** At all times material and relevant hereto, Defendant Morales was an employee of Defendant Landstar Inway, Inc. acting in the scope of her employment. As such, Defendant Landstar is responsible for Defendant Morales' negligence under the theory of respondent superior.

**.03** In addition, Defendant Landstar was negligent in hiring, training, and/or supervising Defendant Morales.

## VIII.
## DAMAGES OF PLAINTIFF JACENNY FERNANDA PAZ

**.01** Plaintiffs hereby restate and re-allege each and every paragraph of the Statement

of Facts as if fully and completely set forth herein.

**.02** Plaintiffs hereby restate and re-allege each and every paragraph of the aforementioned Counts.

**.03** Each of the above acts and/or omissions, singularly or in combination with others, was a proximate cause of the collision in question, and the proximate cause of the injuries suffered by Plaintiff Jacenny Fernanda Paz.

**.04** As a result of these injuries, Plaintiff Jacenny Fernanda Paz suffered the following damages:

a. Physical pain and mental anguish in the past and in reasonable probability the future;

b. Medical expenses in the past and in reasonable probability the future;

c. Physical impairment and disability in the past and in reasonable probability the future;

d. Disfigurement in the past and in reasonable probability, the future; and

e. Loss of earning capacity in the past and in reasonable probability in the future.

**IX.**
**DAMAGES OF PLAINTIFF JAVAN ELIJAH ALVAREZ**

**.01** Plaintiffs hereby restate and re-allege each and every paragraph of the Statement of Facts as if fully and completely set forth herein.

**.02** Plaintiffs hereby restate and re-allege each and every paragraph of the aforementioned Counts.

**.03** Each of the above acts and/or omissions, singularly or in combination with others, was a proximate cause of the collision in question, and the proximate cause of the injuries

Unofficial Copy Office of Marilyn Burgess District Clerk

suffered by Plaintiff Javan Elijah Alvarez.

**.04** As a result of these injuries, Plaintiff Javan Elijah Alvarez suffered the following damages:

a. Physical pain and mental anguish in the past and in reasonable probability the future;

b. Medical expenses in the past and in reasonable probability the future;

c. Physical impairment and disability in the past and in reasonable probability the future; and

d. Loss of earning capacity in the past and in reasonable probability in the future.

## X.
## JURY DEMAND

**.01** Plaintiffs hereby demand a jury trial regarding all issues of fact presented in this action pursuant to the Rule 216 of the Texas Rules of Civil Procedure.

## XI.
## RULE 194 REQUIRED DISCLOSURES

**.01** Pursuant to Rule 194, this is notice that within 30 days of the first answer or general appearance you must disclose to Plaintiffs the information and materials described in Rule 194.2, 194.3 and 194.4.

## XII.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein and that, upon final determination of these claims, they receive judgment against Defendants awarding him the following relief:

**.01** Actual damages alleged herein, in an amount not in excess of the jurisdictional

Unofficial Copy Office of Marilyn Burgess District Clerk

limits of the Court;

**.02** Monetary relief over $250,000.00 but not more than $1,000,000.00 including damages of any kind, penalties, costs, expenses, and pre-judgment interest.

**.03** Costs of court and expenses necessary for preparation of this case for trial;

**.04** Prejudgment interest at the highest lawful rate and to the maximum amount allowed by law from the earliest date allowed by law;

**.05** Interest on the judgment at the highest legal rate from the date of judgment until collected; and

**.06** All such other and further relief at law and in equity to which Plaintiffs may justly show themselves entitled.

Respectfully submitted,

DENENA & POINTS, P.C.

*/s/ Anthony M. Denena* .

Anthony M. Denena
State Bar No. 24007103
amd@denenapoints.com
Chad D. Points
State Bar No. 24007854
cdp@denenapoints.com
6565 West Loop South, Suite 790
Bellaire, Texas 77401
713.807.9500
713.337.9520 (Telecopier)

ATTORNEYS FOR PLAINTIFFS

Unofficial Copy Office of Marilyn Burgess District Clerk